**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| DAVID THARP, DOUG ROBINSON, ) <br> WILLIAM NIX, JOE COAR, ) <br> DOUGLAS J. MCCARRON, and ) <br> INDIANA/KENTUCKY/OHIO REGIONAL ) <br> COUNCIL OF CARPENTERS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CATRON INTERIOR SYSTEMS, INC, ) <br> ) <br> Defendant. ) | Case No. 1:12-cv-01870-TWP-DML |

**ENTRY ON SUMMARY JUDGMENT**

This matter is before the Court on the parties' cross-motions for summary judgment. Plaintiffs in this case are: (1) Dave Tharp, Board of Trustees Chairman, and Doug Robinson, Board of Trustees Secretary, on behalf of Indiana/Kentucky/Ohio Regional Council of Carpenters Pension Fund (the "Pension Fund"); (2) Dave Tharp, Board of Trustees Chairman, on behalf of Indiana/Kentucky/Ohio Regional Council of Carpenters Defined Contribution Pension Trust Fund (the "Annuity Fund"); (3) Dave Tharp, Board of Trustees Co-Chairman, and William Nix, Board of Trustees Co-Chairman, on behalf of Indiana/Kentucky/Ohio Regional Council of Carpenters Welfare Fund (the "Welfare Fund"); (4) Dave Tharp, Board of Trustees Chairman, and Joe Coar, Board of Trustees Secretary, on behalf of Indiana Carpenters Apprenticeship Fund and Journeyman Upgrade Program ("JATC"); (5) Douglas J. McCarron, Board of Trustees Chairman, on behalf of United Brotherhood of Carpenters Apprenticeship Training Fund of North America ("UBCJA"); and (6) Indiana/Kentucky/Ohio Regional Council of Carpenters ("the Union"). The Pension Fund, Annuity Fund, Welfare Fund, JATC, and UBCJA, will be collectively referred to

as the "Plaintiff Trust Funds." The Plaintiff Trust Funds have brought this lawsuit against Defendant Catron Interior Systems, Inc. ("Catron"), alleging violations of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132 and 1145. The Union brings suit under 29 U.S.C. § 185. Collectively, the Plaintiffs seek to compel Catron to allow Plaintiffs' payroll auditor to examine all necessary books and records to complete a payroll audit for the period of January 1, 2011 through December 31, 2011. The Complaint also seeks any delinquent contributions and deductions uncovered by the audit, but that issue is not currently before the Court. Both parties have moved for summary judgment on the issue of whether the Court can and should compel Catron to submit to an audit. For the reasons set forth below, Plaintiff Trust Fund's and the Union's motion is **GRANTED** and Catron's motion is **DENIED**.

## I. BACKGROUND

The pertinent facts are undisputed. Plaintiff Trust Funds were created pursuant and subject to ERISA to provide benefits for employees working under the Union's collective bargaining agreements. Catron and Plaintiff Trust Funds have had a contractual relationship since 1991. Under the term of these agreements, Catron has adopted the latest collective bargaining agreement ("CBA") between the Union and Construction Employers Association of Central Kentucky. Catron has paid union wages since 2006 and agrees it is subject to the latest CBA which is scheduled to end on May 31, 2015. The CBA contains a grievance procedure, which requires arbitration for disputes between parties to the agreement. The CBA requires that employers pay certain hourly wages and fringe benefits to employees, and incorporates the subject trust agreements with Plaintiff Trust Funds.

On October 2, 2012, the Plaintiff Trust Funds selected Catron for an audit pursuant to its Payroll Audit Policy. Michelle Zimmerman, a CPA, notified Catron by letter and requested it

2

provide records in preparation of the audit. On October 4, 2012, Jerry Yates, the business agent for the Union, attempted to contact Mike Catron ("Mr. Catron"), owner of Catron, by letter to tell Mr. Catron that several Catron carpenters had lost wages and fringe benefits. The letter also requested an audit. Catron did not receive either letter. Plaintiff Trust Funds and the Union then filed this lawsuit on December 21, 2012.

In early February 2013, Catron permitted an audit of its accounts. Plaintiffs' payroll auditor, Joan Forthofer ("Ms. Forthofer"), went to the Catron facility on February 27, 2013, to audit Catron's payroll records. Ms. Forthofer requested documentation regarding non-union employees and was given handwritten notes from Mr. Catron. Then, on March 27, 2013, Ms. Forthofer emailed Mr. Catron noting that she had classified a number of carpenters as non-union and their hours had not been reported. She stated that Mr. Catron should respond within 10 days if he disagreed with her classifications, and she requested supporting documentation. To date, Ms. Forthofer has not completed her audit report.

## II. **LEGAL STANDARD**

Summary judgment is only appropriate by the terms of Rule 56 where there exists "no genuine issue as to any material facts and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. This notion applies equally where, as here, opposing parties each move for summary judgment in their favor pursuant to Rule 56. *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 774 (7th Cir. 1996). Indeed, the existence of cross-motions for summary judgment does not necessarily mean that there are no genuine issues of material fact. *R.J. Corman Derailment Serv., Inc. v. Int'l Union of Operating Eng'rs.*, 335 F.3d 643, 647 (7th Cir. 2003). Rather, the process of taking the facts in the light most favorable to the nonmovant, first for one side and then for the other, may reveal that neither side has enough to prevail without a trial. *Id.* at 648. "With cross-

motions, [the Court's] review of the record requires that [the Court] construe all inferences in favor of the party against whom the motion under consideration is made." *O'Regan v. Arbitration Forums, Ins.*, 246 F.3d 975, 983 (7th Cir. 2001) (quoting *Hendricks–Robinson v. Excel Corp.*, 154 F.3d 685, 692 (7th Cir. 1998)).

### III. DISCUSSION

The parties each seek summary judgment in their favor. Catron contends first, that the Plaintiff Trust Funds failed to exhaust administrative remedies, and second, that the claim is moot because an audit has already occurred. Plaintiff Trust Funds and the Union contend that they are not subject to the CBA's grievance procedure and that Catron has not submitted to a full audit, which is preventing them from completing the review process. As will be described below, the Court finds that Plaintiff Trust Funds are not required to seek arbitration and Catron has not fully submitted to an audit.

**A.     Applicability of Grievance Procedure**

It is well settled that "[c]ourts have generally required participants to exhaust [an employee benefit plan's] administrative remedies before filing suit to recover benefits." *Heimeshoff v. Hartford Life & Accident Ins. Co.*, __ U.S. __, 134 S. Ct. 604, 608 (2013). Catron relies on this concept to argue that the Plaintiff Trust Funds failed to exhaust administrative remedies, specifically the CBA's grievance procedures. The CBA provides that disputes between parties to the CBA should be submitted to a Joint Arbitration Committee. Rather than do that, the Plaintiff Trust Funds and Union brought suit in federal court.

The Supreme Court has also recognized a presumption in favor of arbitration between unions and employers, which supports the objectives of collective bargaining. However, the Supreme Court has not extended such a presumption to disputes between an employer and the

4

trustees of employee-benefit funds. *Schneider Moving & Storage Co. v. Robbins*, 466 U.S. 364, 371–72 (1984) ("We conclude, therefore, that the presumption of arbitrability is not a proper rule of construction in determining whether arbitration agreements between the union and the employer apply to disputes between trustees and employers, even if those disputes raise questions of interpretation under the collective-bargaining agreements."). Without this presumption, courts are to look at the intent of the parties in the governing documents. *Id.* at 372; *Pipe Fitters' Welfare Fund, Local Union 597 v. Mosbeck Indus. Equip., Inc.*, 856 F.2d 837, 840 (7th Cir. 1988) ("*Schneider* stands for the proposition that courts must carefully examine the pertinent trust and collective bargaining agreements to determine whether parties intended to arbitrate disputes between trust funds and employers."). Thus the Court must examine the relevant trust documents.

Catron rejects the applicability of trust documents designated by Plaintiff Trust Funds, arguing that three of the designated documents were not produced in discovery. Specifically, Plaintiff Trust Funds produced three trust documents during discovery, including Falls Cities Carpenters District Council Pension Trust Fund Louisville, KY Agreement ("Falls Cities Agreement"), Lower Ohio Valley District Council Pension Trust Fund, and Agreement and Declaration of Trust of the Kentucky State District Council of Carpenters AFL-CIO Retirement Annuity Trust Fund. On summary judgment, Plaintiff Trust Funds designated the Falls Cities Agreement ([Filing No. 26-5](#)) and three additional trust documents: SIDC-Millwrights Local 1080 Multi-Employer Retirement Trust Agreement ([Filing No. 26-6](#)), Indiana Carpenters Welfare Trust Fund Agreement ([Filing No. 26-7](#)), and Northwest Indiana Carpenters Welfare Fund Trust Agreement ([Filing No. 26-8](#)). Further, Catron argues that it has not been provided with a contract or written documentation "as to how these three trust agreements [designated on summary judgment] were related to the five named Plaintiff Trust Funds." [Filing No. 36, at ECF p. 2](#). The

5

Court agrees with Catron that Plaintiff Trust Funds' citation to the new trust documents is puzzling. There is no indication or explanation that ties the trust documents designated on summary judgment to the named plaintiffs. And Plaintiff Trust Funds have not responded or attempted to clarify the confusion. Without clarification or an attempt by Plaintiff Trust Funds to establish a connection between the trust documents designated and the Plaintiff Trust Funds, the Court cannot consider them as incorporated into the CBA. Accordingly, only the Falls Cities Agreement may be considered by the Court in its analysis.

The Falls Cities Agreement states that "[t]he Trustees may seek judicial protection by any action or proceeding they may deem necessary, or obtain a judicial determination or declaratory judgment as to any question concerning construction of the Trust Agreement or instruction as to any action thereunder." [Filing No. 26-5, at ECF p. 42](). This shows a clear intent to allow the Pension Fund to seek legal action in courts of law, and not arbitration. Under *Schneider* and *Pipe Fitters*, there is no intent to arbitrate disputes.

As for the remaining plaintiffs, the Annuity Fund, Welfare Fund, JATC, and UBCJA, there are no trust documents to consider. Catron argues that "the trust funds have brought this suit with the union, they have made the same arguments through the same counsel, and there appears to be no distinction between the trust funds and the union." [Filing No. 29, at ECF at 7](). Thus, it argues, arbitration should be required. The Court disagrees. *Schneider* dispensed with a presumption of arbitrability and made clear that trust funds are not third-party beneficiaries of a collective bargaining agreement. 466 U.S. at 370–71. Catron's argument turns *Schneider* on its head; it would resort to arbitration as the presumptive method. However, arbitration is not the starting point. It is undisputed that Plaintiff Trust Funds are independent of the Union, and thus the burden is on Catron to show that the Plaintiff Trust Funds intended to be bound by an arbitration clause.

To prevail on summary judgment, Catron is required to show there is no genuine issue of disputed fact that arbitration was intended by the parties. There is no such evidence and Catron's motion must be denied on this basis as to each Plaintiff Trust Fund.

**B.        Whether the Claim is Moot**

Catron seeks application of the doctrine of mootness, "which limits the exercise of judicial power to live cases or controversies." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004). A court must be able to give litigants relief. Here, Catron contends that because an audit occurred on February 27, 2013, the relief sought by Plaintiff Trust Funds—an audit—has been satisfied. Catron focuses its argument on Plaintiff Trust Funds' request to audit Mr. Catron's wife's company, Mid East Finishes, Inc. However, Plaintiff Trust Funds' claim is grounded in the incomplete audit of Catron, not of Mid East Finishes. Specifically, Plaintiff Trust Funds asserts that the February 27, 2013 audit is incomplete because Catron did not provide the necessary documentation to conduct a full audit. Catron further argues that Plaintiff Trust Funds have received the necessary information—dealing with non-union employees—in the form of a handwritten list. *See* Filing No. 29-3 (Ms. Forthofer's handwritten request and Mr. Catron's notes). The Court acknowledges that Catron believes Mr. Catron's handwritten notes satisfied its obligation to supply documentation. But the Court must also consider Ms. Forthofer's testimony that handwritten information is not sufficient documentation to satisfy an audit. *See* Filing No. 29-4, at ECF p. 6; Filing No. 29-4, at ECF p. 14. Further, it is undisputed that Ms. Forthofer has not yet created an audit report and the audit is not complete because, in her view, she needs further documentation from Catron. *See* Filing No. 29-4, at ECF p. 4. The Court finds on the basis of the evidence, that a complete and full audit has not been completed. Accordingly, the relief requested is not moot.

**C.     Plaintiff Trust Funds Entitled to Audit**

Plaintiff Trust Funds and the Union seek an order that Catron submit to a full audit of all of the business' books and payroll records, which the Supreme Court held was permissible in *Central States, Southeast & Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559, 566–69 (1985). The Supreme Court found that the plans in *Central States* had a substantial interest in verifying the employer's determination of an employee's participant status, and thus, the audit requested of all records was justified. *Id.* at 569. The Court finds no reason to depart from this guidance. Catron, through Mr. Catron, provided handwritten information but not the actual documentation requested by Ms. Forthofer. Therefore, the audit remains incomplete, and Catron will be ordered to comply with a full audit of all books and payroll records requested.

## IV.  CONCLUSION

For the reasons stated above, Catron's Motion for Summary Judgment ([Filing No. 22](#)) is **DENIED**. Plaintiffs' Motion for Summary Judgment ([Filing No. 32](#)) is **GRANTED**. It is hereby **ORDERED** that Catron grant Plaintiffs' payroll auditor access to all records necessary to complete the audit. Within thirty (30) days of the completed audit, the parties are **ORDERED** to file a status report with the Court containing the results of the audit. If necessary, the Court will address any delinquent contributions or deductions, fees, and costs within a reasonable time.

**SO ORDERED.**

Date: 9/10/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

8

DISTRIBUTION:

Alan W. Roles
COLEMAN ROLES & ASSOCIATES, PLLC
alanwroles@yahoo.com

Thomas Edward Moss
PAUL T. BERKOWITZ & ASSOCIATES
tom@ptblaw.com

Paul T. Berkowitz
PAUL T. BERKOWITZ & ASSOCIATES, LTD.
paul@ptblaw.com