UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID THARP, DOUG ROBINSON, WILLIAM NIX, JOE COAR, DOUGLAS J. MCCARRON, and INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS, <br><br> Plaintiffs, <br><br> v. <br><br> CATRON INTERIOR SYSTEMS, INC., <br><br> Defendant. | Case No. 1:12-cv-01870-TWP-DML |

**ENTRY ON DEFENDANTS' MOTION TO ALTER OR AMEND JUDGMENT**

This matter is before the Court on Defendant Catron Interior Systems, Inc.'s ("Catron") Motion to Alter or Amend Judgment (Filing No. 38). As no final judgment has been entered in this case, the Court considers the motion under its inherent power to reconsider interlocutory orders, as justice requires. *Merchant Capital, LLC v. Melania Marks Skincare, LLC*, No. 1:13-cv-00873-JMS-DML, 2014 WL 4250116, at *4 (S.D. Ind. Aug. 27, 2014). For the reasons below, the Motion is **DENIED**.

### I. BACKGROUND

A complete recitation of the facts can be found in the Court's Entry on Summary Judgment (Filing No. 37). In short, Plaintiffs in this case are: (1) Dave Tharp, Board of Trustees Chairman, and Doug Robinson, Board of Trustees Secretary, on behalf of Indiana/Kentucky/Ohio Regional Council of Carpenters Pension Fund (the "Pension Fund"); (2) Dave Tharp, Board of Trustees Chairman, on behalf of Indiana/Kentucky/Ohio Regional Council of Carpenters Defined Contribution Pension Trust Fund (the "Annuity Fund"); (3) Dave Tharp, Board of Trustees Co-

Chairman, and William Nix, Board of Trustees Co-Chairman, on behalf of Indiana/Kentucky/Ohio Regional Council of Carpenters Welfare Fund (the "Welfare Fund"); (4) Dave Tharp, Board of Trustees Chairman, and Joe Coar, Board of Trustees Secretary, on behalf of Indiana Carpenters Apprenticeship Fund and Journeyman Upgrade Program ("JATC"); (5) Douglas J. McCarron, Board of Trustees Chairman, on behalf of United Brotherhood of Carpenters Apprenticeship Training Fund of North America ("UBCJA"); and (6) Indiana/Kentucky/Ohio Regional Council of Carpenters ("the Union"). The Pension Fund, Annuity Fund, Welfare Fund, JATC, and UBCJA, are collectively referred to as "Plaintiff Trust Funds".

The Plaintiff Trust Funds have brought this lawsuit against Catron alleging violations of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132 and 1145. The Union brings suit under 29 U.S.C. § 185. Collectively, the Plaintiffs seek to compel Catron to allow Plaintiffs' payroll auditor to examine all necessary books and records to complete a payroll audit for the period of January 1, 2011 through December 31, 2011. The Complaint also seeks any delinquent contributions and deductions uncovered by the audit. On September 10, 2014, the Court entered summary judgment in favor of Plaintiffs and ordered Catron to submit to a full audit. Catron now seeks reconsideration of the ruling on summary judgment.

## II. LEGAL STANDARD

This Motion is properly classified as a motion to reconsider under Federal Rule of Civil Procedure 54(b), as no final judgment has been entered in this case. *See* Fed. R. Civ. P. 54(b) ("Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating

all the claims and all the parties' rights and liabilities."). However, the Court applies a similar standard as applied to motions to alter or amend a judgment under Rule 59(e).

Motions to reconsider "serve a limited function: to correct manifest errors of law or fact to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009). The motion is to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Davis v. Carmel Clay Sch.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)) (additional quotations omitted).

### III. DISCUSSION

Catron contends that the Court should not have considered the Falls Cities Agreement as governing one of the named Plaintiff Trust Funds, and that doing so resulted in manifest error. However, Catron fails to recognize that even in the absence of reliance on the Falls Cities Agreement, Catron still cannot create a genuine issue of material fact in favor of arbitration. *Schneider Moving & Storage Co. v. Robbins*, 466 U.S. 364, 371–72 (1984), did away with the presumption of arbitration between trust funds and employers. In applying *Schneider*, the Seventh Circuit has instructed courts to "carefully examine the pertinent trust and collective bargaining agreements to determine whether the parties intended to arbitrate disputes between trust funds and employers." *Pipe Fitters' Welfare Fund, Local Union 597 v. Mosbeck Indus. Equip., Inc.*, 856 F.2d 837, 840 (7th Cir. 1988). The Court found on summary judgment that in the absence of applicable trust agreements, "the burden is on Catron to show that the Plaintiff Trust Funds intended to be bound by an arbitration clause." Filing No. 37, at ECF p. 8. Catron has failed in this burden. It points only to the collective bargaining agreements, to which the Plaintiff Trust

Funds are not a third-party beneficiary. There is no evidence the Plaintiff Trust Funds intended to be bound to the arbitration clause contained therein. Catron has not challenged this ruling as it applies to the Annuity Fund, Welfare Fund, JATC, and UBCJA. In the absence of the Falls Cities Agreement, the same conclusion applies to the Pension Fund and the Court declines to reconsider its ruling.

## IV. <u>CONCLUSION</u>

Accordingly, the Court's ruling on summary judgment stands and Catron's Motion to Alter or Amend Judgment ([Filing No. 38](Filing No. 38)) is **DENIED**.

**SO ORDERED.**

Date: 10/15/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Alan W. Roles
COLEMAN ROLES & ASSOCIATES, PLLC
alanwroles@yahoo.com

Thomas Edward Moss
PAUL T. BERKOWITZ & ASSOCIATES
tom@ptblaw.com

Paul T. Berkowitz
PAUL T. BERKOWITZ & ASSOCIATES, LTD.
paul@ptblaw.com