**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| DAVID THARP, Board of Trustees Chairman, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al. | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:12-cv-01870-TWP-DML |
| CATRON INTERIOR SYSTEMS, INC., | ) ) | |
| Defendant. | ) | |

**ENTRY ON MOTION FOR RECONSIDERATION**
**AND MOTION TO STRIKE SURREPLY**

This matter is before the Court on the Plaintiffs' Motion for Reconsideration filed pursuant to Federal Rule of Civil Procedure 59(e) (Filing No. 78) and Motion to Strike Surreply (Filing No. 85). The Plaintiffs in this case are: (1) Dave Tharp, Board of Trustees Chairman, and Doug Robinson, Board of Trustees Secretary, on behalf of Indiana/Kentucky/Ohio Regional Council of Carpenters Pension Fund (the "Pension Fund"); (2) Dave Tharp, Board of Trustees Chairman, on behalf of Indiana/Kentucky/Ohio Regional Council of Carpenters Defined Contribution Pension Trust Fund (the "Annuity Fund"); (3) Dave Tharp, Board of Trustees Co-Chairman, and William Nix, Board of Trustees Co-Chairman, on behalf of Indiana/Kentucky/Ohio Regional Council of Carpenters Welfare Fund (the "Welfare Fund"); (4) Dave Tharp, Board of Trustees Chairman, and Joe Coar, Board of Trustees Secretary, on behalf of Indiana Carpenters Apprenticeship Fund and Journeyman Upgrade Program ("JATC"); (5) Douglas J. McCarron, Board of Trustees Chairman, on behalf of United Brotherhood of Carpenters Apprenticeship Training Fund of North America ("UBCJA"); and (6) Indiana/Kentucky/Ohio Regional Council of Carpenters ("the Union"). The

Pension Fund, Annuity Fund, Welfare Fund, JATC, and UBCJA will be collectively referred to as the "Plaintiff Trust Funds".  The Plaintiff Trust Funds and the Union will be collectively referred to as the "Plaintiffs."

The Plaintiff Trust Funds initiated this action against Defendant Catron Interior Systems, Inc. ("Catron"), alleging violations of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and the Union's claims were brought under 29 U.S.C. § 185.  The Plaintiffs initiated this litigation to compel Catron to allow the Plaintiffs' payroll auditor to examine all necessary books and records to complete a payroll audit for the period of January 1, 2011 through December 31, 2012, and to seek payment for any delinquent contributions uncovered by the audit.

After the Court ordered Catron to submit to an audit, the Plaintiffs' auditor completed the audit for 2011 and 2012, and the Plaintiffs filed with the Court a status report on the auditor's findings.  Catron filed a response, disputing the findings and conclusions of the auditor.  On December 18, 2015, the parties appeared by counsel before the Court and presented evidence and argument in support of their positions on the alleged delinquent contributions and the results of the audit. Following the hearing, the parties submitted proposed findings of fact and conclusions of law (Filing No. 72; Filing No. 73). On March 2, 2016, the Court issued its Order regarding the audit and the delinquent contributions owed to the Plaintiffs (Filing No. 74).  The Court determined that Catron was liable to the Plaintiffs for $117,740.15.  However, this amount was offset by $95,367.50 owed to Catron based on a series of market recovery fund grant contracts.  Thus, the Court awarded Plaintiffs $22,372.65. *Id.* at 11. The Plaintiffs' Motion for Reconsideration followed twenty-six days after the Court's Order.  For the following reasons, the Motion is set for

2

an evidentiary hearing to build a complete record, which will then allow the Court to issue an appropriate ruling on the Motion for Reconsideration.

## I.   <u>LEGAL STANDARD</u>

Although motions to reconsider are not specifically authorized by the Federal Rules of Civil Procedure, courts in the Seventh Circuit apply Rule 59(e) or Rule 60(b) standards to these motions. *Smith v. Utah Valley Univ.*, 2015 U.S. Dist. LEXIS 70271, at *3–4 (S.D. Ind. June 1, 2015). A motion to alter or amend under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). If timely filed, a motion styled as a motion to reconsider should be considered under Rule 59(e). *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742 (7th Cir. 2009). The Plaintiffs' "Motion for Reconsideration" was filed twenty-six days after the Court issued its Order. Therefore, the Court will analyze the Motion as a motion to alter or amend under Rule 59(e).

The purpose of a motion to alter or amend judgment under Rule 59(e) is to ask the Court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). "A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). Relief pursuant to a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A Rule 59(e) motion may be used "to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure

to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Furthermore, "a Rule 59(e) motion is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Brownstone Publ'g, LLC v. AT&T, Inc.*, 2009 U.S. Dist. LEXIS 25485, at *7 (S.D. Ind. Mar. 24, 2009).

## II.   DISCUSSION

In their Motion for Reconsideration, the Plaintiffs contend that the Court erred by allowing Catron to assert its "setoff defense;" that Catron misrepresented facts when it claimed it had not been paid $95,367.50 in market recovery funds; that if a setoff is warranted, any setoff should apply only to the Union and not to the Plaintiff Trust Funds; and that the Court erred by discounting the amount of contributions owed to the Union based on a misunderstanding of Exhibit 5 (Filing No. 79 at 2–4). The Court will address each contention in turn.

### A.   Allowing the "Setoff Defense"

The Plaintiffs argue that the Court erred by allowing Catron to assert its "setoff defense" because Catron never pled an affirmative defense or counterclaim for a setoff in its Answer, and the first time Catron raised it was at the damages hearing. The Plaintiffs explain that they were not given a reasonable opportunity to respond to the setoff argument because it was not timely raised in an amended answer or prior to the damages hearing. They assert, "[i]n order to present a setoff defense, a party must appropriately plead such a request, either by affirmative defense or counter-claim, by failing to do so Defendant waived any such claim in this action." (Filing No. 79 at 5–6.) Relying on guidance from the Seventh Circuit, the Plaintiffs assert that a "defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense." *Venters v. City of Delphi*, 123 F.3d 956, 968 (7th Cir. 1997).

4

However, *Venters* also notes that "as with other pleadings, the district court has the discretion to allow an answer to be amended to assert an affirmative defense not raised at the outset," and "[t]he pertinence of a particular defense may only become apparent after discovery, for example, in which case it would be reasonable for the court to permit the belated assertion of that defense." *Id.* at 967. "The purpose of [the pleading] rule, as courts have long recognized, is to avoid surprise and undue prejudice to the plaintiff by providing her notice and the opportunity to demonstrate why the defense should not prevail." *Id.*

In response to the Plaintiffs' argument, Catron explains that it was not aware that it would be necessary to assert any claim for setoff until sixteen months after the dispositive motions deadline had passed because the Plaintiffs waited more than two years to disclose the audit results to Catron. Catron explains that the Plaintiffs performed their audit of Catron on February 27, 2013. The dispositive motions deadline in this case was December 31, 2013. After obtaining leave of Court, the Plaintiffs filed their summary judgment motion on February 24, 2014, after the deadline. The Court ordered another audit, which occurred on January 27, 2015. The results of this audit and the February 2013 audit were not disclosed to Catron until April 8, 2015, almost sixteen months after the dispositive motions deadline. Catron disputed the audit results, and the Court set the dispute for a damages hearing. While preparing for the damages hearing, Catron discovered that the Plaintiffs did not include a setoff for the market recovery fund grants in the audit results. Catron asserts that it could not have raised the setoff earlier as an affirmative defense or counterclaim because the Plaintiffs delayed disclosing the audit results, which gave notice to Catron that the market recovery fund grants were not accounted for in the results. Catron explains that the damages hearing presented the first opportunity for it to raise the claim for setoff.

At the damages hearing, over the Plaintiffs' objection, the Court admitted into evidence the market recovery fund grants offered by Catron as Exhibit 8.   Testimony regarding the market recovery fund grants was given.   The Court took into account the market recovery fund grants when it issued its Order following the damages hearing.

The Plaintiffs assert that Catron waived its setoff argument because it never pled it as an affirmative defense or counterclaim.   In describing the nature of a setoff, the Seventh Circuit explained,

> [A] defendant could seek to reduce its liability by pleading that the plaintiff owed it money.   The plea was called "recoupment" if the plaintiff's debt to the defendant arose out of the same transaction as the defendant's liability to the plaintiff, and "setoff" if it did not.   So recoupment is the ancestor of the compulsory counterclaim and setoff of the permissive counterclaim. . . .   A permissive counterclaim by definition arises from a different contract or other transaction or occurrence from the main claim, and a setoff, so far as relevant here, is just a subset of the permissive counterclaim.

*Coplay Cement Co. v. Willis & Paul Grp.*, 983 F.2d 1435, 1440–41 (7th Cir. 1993) (citations omitted).   *See also Cole Energy Dev. Co. v. Ingersoll-Rand Co.*, 8 F.3d 607, 610 (7th Cir. 1993) ("[a] setoff is for most purposes just a permissive counterclaim"); *Ace Hardware Corp. v. Marn, Inc.*, 2008 U.S. Dist. LEXIS 84709, at *30 (N.D. Ill. Sep. 16, 2008) ("a claim for setoff, or recoupment for that matter, is not an affirmative defense because it does not destroy the plaintiff's right of action . . . [and a] claim for setoff or recoupment is not technically a 'defense' at all, but must be plead as a counterclaim").   Catron's claim for a setoff is not an affirmative defense that can destroy the Plaintiffs' right of action; rather, it may reduce the amount of Catron's liability to the Plaintiffs in the event that the Plaintiffs are successful on their claims.   Therefore, Catron's claim for a setoff is properly characterized as a permissive counterclaim.

Federal Rule of Civil Procedure 13(b) provides, "[a] pleading may state as a counterclaim against an opposing party any claim that is not compulsory," and "Fed. R. Civ. P. 15(b) allows the

pleadings to be amended to conform to the evidence presented at trial even after judgment."
*Rosario v. Livaditis*, 963 F.2d 1013, 1022 n.4 (7th Cir. 1992).

> When a defendant objects that evidence presented by the plaintiff at trial is not within the scope of an issue raised in the complaint, Rule 15(b)(1) provides that the court should "freely permit" the complaint to be amended to conform to the evidence presented, but only when doing so "will aid in presenting the merits" of the case and "the objecting party fails to satisfy the court that the evidence would prejudice that party's . . . defense on the merits."

*Reynolds v. Tangherlini*, 737 F.3d 1093, 1106 (7th Cir. 2013) (quoting Fed. R. Civ. P. 15(b)(1)). Rule 15(b)(1) further provides that "[t]he court may grant a continuance to enable the objecting party to meet the evidence."

Allowing Catron to amend its Answer to assert a counterclaim for setoff to conform to the evidence "will aid in presenting the merits" of the case.  Thereafter, allowing an evidentiary hearing on the Motion for Reconsideration will avoid any prejudice to the Plaintiffs that could result from "surprise," "ambush," or a lack of opportunity to meaningfully respond to the counterclaim.  The Court determines that it is appropriate under Rule 15(b) to allow Catron to amend its Answer because of the timing of the Plaintiffs' disclosure of the audit results, the litigation deadlines, and the damages hearing.  The fact that the Plaintiffs could not be entirely surprised by the market recovery fund grants because the Union was a party to the contracts further supports the Court's decision to allow amendment of the Answer to conform to the evidence.

Therefore, the Court **grants leave to Catron to amend its Answer** to assert a counterclaim for setoff based on the market recovery fund grants.  If Catron desires to pursue its claim for setoff, it must **file an Amended Answer within twenty-one (21) days of the date of this Entry**.

## B.    Applying the Setoff

Next, the Plaintiffs argue that the Court should alter or amend the Order because, if a setoff is warranted, any setoff should apply only to the Union and not to the Plaintiff Trust Funds, and

7

further, Catron misrepresented facts when it claimed it had not been paid $95,367.50 in market recovery funds.  The Plaintiffs assert that the Court should not apply any setoff to the monies owed to the Plaintiff Trust Funds because a setoff is appropriate only if the monies at issue are owed between the same parties, and the market recovery fund grants were executed by Catron and the Union, not the Plaintiff Trust Funds.  In any event, the Plaintiffs assert, no setoff should be applied because the Union already paid Catron $95,367.50 in market recovery funds.

Attached to the Plaintiffs' Motion for Reconsideration are exhibits of payroll forms as well as a bank statement evidencing cancelled checks.  Also attached are exhibits of two cancelled checks made payable to Catron dated March 29, 2011 and April 11, 2011, in the amounts of $93,800.00 and $1,567.50, totaling $95,367.50 (Filing No. 79-1 at 3–4).  Pointing to these two checks, the Plaintiffs explain that Catron already has been paid the monies owed to it under the contracts for market recovery fund grants, and thus, Catron is not entitled to any setoff.

In its Response Brief, Catron counters that the March 29 and April 11, 2011 checks, totaling $95,367.50, were for payment of market recovery funds related to union work performed in 2010, and this litigation concerns union work performed in 2011 and 2012.  Catron submitted with its Response Brief a sworn affidavit stating that it never received payment for the market recovery fund grants for the year 2011 (Filing No. 80-1).  Thus, payment owed to Catron for the market recovery fund grants executed on February 28, 2011 related to union work performed in 2011 remains due, and Catron is entitled to a setoff.

In their Reply Brief, the Plaintiffs state that "Defendant argues and Plaintiffs agree that the checks paid in 2011 for the work performed in 2010 had no bearing on the instant Complaint." (Filing No. 83 at 5.)  The Plaintiffs go on to claim, "[d]espite this concurrence of fact, it is Defendant who introduced the irrelevant Market Recovery Agreements and the offset argument to

the 2011-2012 payroll audit which is the subject of this lawsuit." *Id.*  The Plaintiffs skirt the question of whether there are market recovery funds owed to Catron for union work performed in 2011, presumably based on a second set of market recovery fund grants.  The Plaintiffs submitted with their Reply Brief a sworn affidavit stating that the 2011 contracts related to work performed in 2010 and that there was not a second set of contracts (Filing No. 83-1).

Catron filed a Surreply Brief, arguing that the Plaintiffs submitted new evidence with their Reply Brief that contradicted the testimony the Plaintiffs provided during the damages hearing. Catron complains,

> At the damages hearing on December 18, 2015, Rick Fouts was presented the market recovery documents designated as Trial Exhibit 8.  Rick Fouts testified that he remembered signing the documents, but did not remember paying the Defendant, Catron Interior System Inc. any of the market recovery money mentioned in the market recovery contracts.  Now, in the form of an affidavit, Mr. Fouts claims that the market recovery contracts were contracts for past consideration and that the 2011 contracts were actually promises to pay for 2010 work.  The Defendant cannot now cross-examine Mr. Fouts' sudden recollection of the 2011 market recovery contracts, since Mr. Fouts withheld this information from his testimony on December 18, 2015.

(Filing No. 84 at 1–2.)  Catron further argues that "contracts for past consideration are not enforceable.  Without the ability to cross-examine Mr. Fouts, it is not clear why the Union would enter into a series of unenforceable contracts for past consideration in 2011, with language that makes the contracts valid promises for future consideration." *Id.* at 2.

Based on the gaps in the evidence and arguments regarding the years of the contracts[1] and the related work and timing of payments, and also based on the legal principle that contracts for

---

[1] The Plaintiffs assert that they included within their exhibits in support of their Motion for Reconsideration a copy of the market recovery fund grant contracts.  However, the Plaintiffs submitted to the Court only the first page of the contracts, neglecting to include the signature page bearing the parties' signatures and the date of the agreements (Filing No. 79-1 at 5, 8, 15, and 19; Filing No. 79-2 at 9, 13, and 25).  Thus, the Court is left to guess whether the contracts were executed in 2010 and relate to work performed in 2010 or whether the contracts were executed in 2011 or some other year.

past consideration are not enforceable, the Court determines that an evidentiary hearing is necessary to resolve these issues and to allow the Court to issue an appropriate ruling on the Motion for Reconsideration.  Other courts within the Seventh Circuit have permitted an additional hearing in order to build a complete record before ruling on a motion to reconsider under Rule 59(e).  *See, e.g.*, *Lockhart v. Sullivan*, 925 F.2d 214, 219 (7th Cir. 1991); *United States v. 19026 Oakmont S. Drive*, 715 F. Supp. 233, 234 (N.D. Ind. 1989); *Yapan v. Marvin Holding Co.*, 2014 U.S. Dist. LEXIS 73410 (N.D. Ill. May 29, 2014); *In re Repurchase Corp.*, 332 B.R. 336, 340 (Bankr. N.D. Ill. 2005).

**C.**      **Discounting the Amount of Contributions Based on Exhibit 5**

Finally, the Plaintiffs argue that the Court erred by discounting the amount of contributions owed to the Union based on a misunderstanding of Exhibit 5.  The heading of Exhibit 5 indicates "January 1, 2011 to December 31, 2012".  However, within the table contained in the exhibit, the sub-headings indicate "June 1, 2010 to May 31, 2011" and "June 1, 2011 to May 31, 2012".  The Court understood this exhibit to indicate that the Plaintiffs were claiming $6,158.53 in unpaid contributions and deductions for the period June 1, 2010 to May 31, 2011, and $2,766.85 in unpaid contributions and deductions for the period June 1, 2011 to May 31, 2012, plus interest and liquidated damages for a total of $10,710.45 for the period June 1, 2010 to May 31, 2012.  This litigation does not encompass work performed in 2010, and thus, the Court discounted the requested amount for the time period of June 1, 2010 to December 31, 2010.

In their Motion for Reconsideration, the Plaintiffs clarify that the "subheading simply reflected the correct contribution/deduction rates for the time period," and that the total number of unreported hours, which is reflected in Exhibit 5, relates to 2011 and 2012, not to a seven month period in 2010 (Filing No. 79 at 8–9).  Thus, the Plaintiffs assert, the Court should not have

discounted the amount of unpaid contributions and deductions based on the undefined and unclear sub-headings of Exhibit 5.  The total number of unreported hours worked in 2011 and 2012 are also reflected in Exhibit 4.

The Plaintiffs point out that there is a six hour discrepancy between their Exhibit 4 and Exhibit 5 for the 2012 unreported hours.  They assert that the number of unreported hours reflected in Exhibit 4 is accurate and note that the six hour difference results in an $8.14 reduction.  The Plaintiffs do not explain how they calculated this amount.

The Plaintiffs' argument regarding Exhibit 5 is well-taken.  They should be prepared to offer at the evidentiary hearing an amended Exhibit 5 to eliminate the confusing sub-headings and to correct the "clerical error" so that Exhibit 5 correlates to Exhibit 4 and provides an accurate accounting.  Catron will be permitted to conduct cross-examination regarding Exhibit 5.

**D.**     **Motion to Strike Surreply**

As noted above, the Plaintiffs submitted with their Reply Brief a sworn affidavit from Rick Fouts, asserting that the 2011 contracts related to work performed in 2010 and that there was not a second set of contracts.  Mr. Fouts testified at the damages hearing on December 18, 2015 that he remembered signing the contracts, but he did not provide much additional testimony regarding the contracts.  He did not testify regarding the applicable years of the contracts or whether there were other sets of contracts.

Without seeking leave of Court, Catron filed its Surreply Brief, arguing that the Plaintiffs submitted new evidence with their Reply Brief that contradicted the testimony the Plaintiffs provided during the damages hearing.  Catron argues that it is unfairly prejudiced because it "cannot now cross-examine Mr. Fouts' sudden recollection of the 2011 market recovery contracts."  (Filing No. 84 at 2.)

11

The Plaintiffs filed a Motion to Strike Catron's Surreply, arguing that Catron failed to seek leave of Court before filing its Surreply Brief and that Catron cited to Local Rule 56-1, which pertains to summary judgment motions, not motions to reconsider.

The "purpose for having a motion, response and reply is to give the movant the final opportunity to be heard and to rebut the non-movant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *Lady Di's, Inc. v. Enhanced Servs. Billing, Inc.*, 2010 U.S. Dist. LEXIS 29463, at *4 (S.D. Ind. Mar. 25, 2010). However, "new arguments and evidence may not be raised for the first time in a reply brief. Reply briefs are for replying, not raising new arguments or arguments that could have been advanced in the opening brief." *Reis v. Robbins*, 2015 U.S. Dist. LEXIS 23207, at *5 (S.D. Ind. Feb. 26, 2015) (citations omitted). "[T]his serves to prevent the nonmoving party from being sandbagged." *Id.* (citation omitted). Courts allow a surreply only in limited circumstances to address new arguments or evidence raised in the reply brief or objections to the admissibility of the evidence cited in the response. *See, e.g.*, *id.*; *Miller v. Polaris Labs., LLC*, 2014 U.S. Dist. LEXIS 18161 (S.D. Ind. Feb. 12, 2014).

Catron should have first sought leave of Court before filing its Surreply Brief. However, the filing is directed at the very purpose for allowing surreplies—to address new evidence presented for the first time in a reply brief. Additionally, the Plaintiffs are not prejudiced by the allowance of the Surreply Brief because the Court is permitting an additional evidentiary hearing on the issues raised in the Plaintiffs' Motion for Reconsideration and Catron's Surreply Brief. Therefore, the Court **DENIES** the Plaintiffs' Motion to Strike Catron's Surreply (Filing No. 85). However, counsel for Catron is admonished to understand and follow the procedural rules of the Court.

12

### III.   <u>CONCLUSION</u>

For the foregoing reasons, the Plaintiffs' Motion for Reconsideration (Filing No. 78) is set for hearing on <u>Tuesday, February 21, 2017 at 10:00 a.m.</u>, at the Birch Bayh Federal Building and U.S. Courthouse, 46 East Ohio Street, Indianapolis, Indiana, Courtroom #344.  Catron is granted leave to amend its Answer within twenty-one (21) days of the date of this Entry to assert a counterclaim for setoff based on the market recovery fund grants, and the Plaintiffs' Motion to Strike Catron's Surreply Brief is denied.

The issues for the hearing shall be limited to the following: (1) whether any setoff for the market recovery fund grants should apply only to the Union or also to the Plaintiff Trust Funds, (2) whether a second set of contracts for market recovery fund grants exist that pertain to the time period for which Catron asserts that it was paid in 2011 for the union work performed in 2010, and (3) whether the $95,367.50 payment to Catron made by checks dated March 29, 2011 and April 11, 2011 provides payment for the market recovery fund grants executed on February 28, 2011, or for some other market recovery fund grants.

**SO ORDERED.**

Date: 12/12/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

William Aaron Kemper
COLEMAN ROLES & ASSOCIATES PLLC
kemper.aaron@gmail.com

Alan W. Roles
COLEMAN ROLES & ASSOCIATES PLLC
alanwroles@yahoo.com

Thomas Edward Moss
PAUL T. BERKOWITZ & ASSOCIATES, LTD.
tom@ptblaw.com

Paul T. Berkowitz
PAUL T. BERKOWITZ & ASSOCIATES, LTD.
paul@ptblaw.com

Suzanne C. Dyer
PAUL T. BERKOWITZ & ASSOCIATES, LTD.
suzanne@ptblaw.com