UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID THARP, Board of Trustees Chairman, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, *et al.* | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 1:12-cv-01870-TWP-DML |
| | ) |
| CATRON INTERIOR SYSTEMS, INC., | )<br>) |
| Defendant. | ) |

## ORDER GRANTING MOTION FOR RECONSIDERATION

This matter is before the Court on the Plaintiffs' Motion for Reconsideration filed pursuant to Federal Rule of Civil Procedure 59(e) ([Filing No. 78](#)). The Plaintiffs in this case are: (1) David Tharp, Board of Trustees Chairman, and Doug Robinson, Board of Trustees Secretary, on behalf of Indiana/Kentucky/Ohio Regional Council of Carpenters Pension Fund (the "Pension Fund"); (2) David Tharp, Board of Trustees Chairman, on behalf of Indiana/Kentucky/Ohio Regional Council of Carpenters Defined Contribution Pension Trust Fund (the "Annuity Fund"); (3) David Tharp, Board of Trustees Co-Chairman, and William Nix, Board of Trustees Co-Chairman, on behalf of Indiana/Kentucky/Ohio Regional Council of Carpenters Welfare Fund (the "Welfare Fund"); (4) David Tharp, Board of Trustees Chairman, and Joe Coar, Board of Trustees Secretary, on behalf of Indiana Carpenters Apprenticeship Fund and Journeyman Upgrade Program ("JATC"); (5) Douglas J. McCarron, Board of Trustees Chairman, on behalf of United Brotherhood of Carpenters Apprenticeship Training Fund of North America ("UBCJA"); and (6) Indiana/Kentucky/Ohio Regional Council of Carpenters ("the Union"). The Pension Fund, Annuity Fund, Welfare Fund, JATC, and UBCJA will be collectively referred to as the "Plaintiff

Trust Funds." The Plaintiff Trust Funds and the Union will be collectively referred to as the "Plaintiffs."

The Plaintiff Trust Funds initiated this action against Defendant Catron Interior Systems, Inc. ("Catron"), alleging violations of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and the Union's claims were brought under 29 U.S.C. § 185. The dispute in this action surrounds Plaintiffs' request to compel Catron to allow the Plaintiffs' payroll auditor to examine all necessary books and records to complete a payroll audit for the period of January 1, 2011 through December 31, 2012, and to seek payment for any delinquent contributions uncovered by the audit.

After the Court ordered Catron to submit to an audit, the Plaintiffs' auditor completed the audit for 2011 and 2012, and the Plaintiffs filed with the Court a status report on the auditor's findings. Catron filed a response, disputing the findings and conclusions of the auditor. On December 18, 2015, the parties appeared by counsel before the Court and presented evidence and argument in support of their positions on the alleged delinquent contributions and the results of the audit. On March 2, 2016, the Court issued its Order regarding the audit and the delinquent contributions owed to the Plaintiffs (Filing No. 74). The Court determined that Catron was liable to the Plaintiffs for $117,740.15. However, this amount was offset by $95,367.50 owed to Catron based on a series of market recovery fund grant contracts. Thus, the Court awarded Plaintiffs $22,372.65. *Id.* at 11. The Plaintiffs filed a timely Motion for Reconsideration. For the following reasons, the Court **GRANTS** the Motion for Reconsideration.

## I.    LEGAL STANDARD

Although motions to reconsider are not specifically authorized by the Federal Rules of Civil Procedure, courts in the Seventh Circuit apply Rule 59(e) or Rule 60(b) standards to these

2

motions. *Smith v. Utah Valley Univ.*, 2015 U.S. Dist. LEXIS 70271, at *3–4 (S.D. Ind. June 1, 2015). A motion to alter or amend under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). If timely filed, a motion styled as a motion to reconsider should be considered under Rule 59(e). *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742 (7th Cir. 2009). The Plaintiffs' "Motion for Reconsideration" was filed twenty-six days after the Court issued its Order. Therefore, the Court will analyze the Motion as a motion to alter or amend under Rule 59(e).

The purpose of a motion to alter or amend judgment under Rule 59(e) is to ask the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). "A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). Relief pursuant to a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A Rule 59(e) motion may be used "to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Furthermore, "a Rule 59(e) motion is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Brownstone Publ'g, LLC v. AT&T, Inc.*, 2009 U.S. Dist. LEXIS 25485, at *7 (S.D. Ind. Mar. 24, 2009).

3

## II. DISCUSSION

In the Plaintiffs' Motion for Reconsideration, they assert the Court erred in three of its findings. First, by allowing Catron to assert its "setoff defense;" second, by not finding that Catron misrepresented facts when it claimed it had not been paid $95,367.50 in market recovery funds, and if a setoff is warranted, any setoff should apply only to the Union and not to the Plaintiff Trust Funds; and third, the Court erred by discounting the amount of contributions owed to the Union based on a misunderstanding of information contained in Exhibit 5 (Filing No. 79 at 2–4).

In its December 12, 2016 Entry on Motion for Reconsideration, the Court resolved the first issue raised by the Plaintiffs regarding any error in allowing Catron to assert its "setoff defense." (*See* Filing No. 86 at 4–7.) The Court granted leave to Catron to amend its Answer and assert a counterclaim for setoff so that the pleadings would conform to the evidence presented at the original damages hearing. Catron filed its Amended Answer and Counterclaim on January 2, 2017 (Filing No. 87).

The Court notes that it is not necessary to discuss the Plaintiffs' third argument—any setoff should apply only to the Union and not to the Plaintiff Trust Funds—because the Court determines that a setoff is not warranted.

The Court turns to the Plaintiffs' argument that a setoff is not warranted because Catron misrepresented facts when it claimed it had not been paid $95,367.50 in market recovery funds. The Plaintiffs assert that Catron was paid $95,367.50 for the market recovery fund grants, and having been paid, Catron is not entitled to an additional payment via a setoff.

With their Motion for Reconsideration, the Plaintiffs provided to the Court exhibits of payroll forms as well as a bank statement evidencing cancelled checks (Filing No. 79-1; Filing No. 79-2). The Plaintiffs also introduced evidence of two cancelled checks made payable to Catron

4

dated March 29, 2011 and April 11, 2011, in the amounts of $93,800.00 and $1,567.50, totaling $95,367.50 (Filing No. 79-1 at 3–4). Relying on these two checks, the Plaintiffs explain that Catron already has been paid the monies owed to it under the February 28, 2011 contracts for market recovery fund grants, and thus, Catron is not entitled to any setoff in this case.

Catron responds that the March 29 and April 11, 2011 checks, totaling $95,367.50, were for payment of market recovery funds related to union work performed in 2010, and this litigation concerns union work performed in 2011 and 2012. With its Response Brief, Catron submitted a sworn affidavit stating that it never received payment for the market recovery fund grants for the year 2011 (Filing No. 80-1). Thus, Catron argues, payment owed to Catron for the market recovery fund grants executed on February 28, 2011 related to union work performed in 2011 remains due, and Catron is entitled to a setoff.

The parties' dispute focuses on whether there are two different sets of market recovery fund contracts and whether the February 28, 2011 contracts relate to union work performed in 2010 or 2011. The issue for the Court to resolve on the Motion for Reconsideration is the question of whether there are market recovery funds owed to Catron for union work performed in 2011, presumably based on a second set of market recovery fund grants.

The Plaintiffs submitted with their Reply Brief a sworn affidavit stating that the February 28, 2011 contracts pertained to work performed in 2010 and that there was not a second set of contracts (Filing No. 83-1). During the hearing on the Motion for Reconsideration, the Plaintiffs testified that the February 28, 2011 contracts were the only contracts between the parties that required payment to Catron for market recovery funds.

In the Court's Entry on the Motion for Reconsideration, the Court asked Catron to address the issue of whether a second set of contracts for market recovery fund grants existed, which could

5

have been directly addressed by providing to the Court a second set of written contracts between the parties (Filing No. 86 at 13). The Court also allowed Catron to amend its Answer to add a counterclaim.

Catron filed its Amended Answer and Counterclaim on January 2, 2017. Rather than attaching a second set of contracts, Catron attached to its new pleading the same February 28, 2011 contracts that had already been presented to the Court (Filing No. 87-1). In its counterclaim for a setoff based on breach of contract, Catron alleged that Catron and the Union entered into a series of market recovery fund grants, which called for payment of $95,367.50 to Catron based on its employment of Union workers. However, the Amended Answer and Counterclaim did not allege that the parties entered into a second set of contracts requiring a second payment of $95,367.50 to Catron. The new allegations also did not assert that any oral agreements were made between the parties for such a payment for 2010, 2011, 2012, or any other year. The allegations simply supported a claim of one set of written agreements between the parties, requiring the payment of $95,367.50. (*See* Filing No. 87 at 2–3.)

At the hearing on the Motion for Reconsideration, Catron did not provide any evidence of a second set of contracts that would entitle it to a second payment of $95,367.50 from the Union. Catron testified that the parties entered into an oral agreement for a second payment of $95,367.50. However, the Plaintiffs testified that the February 28, 2011 contracts were the only written contracts between the parties, and the Plaintiffs unequivocally testified that no oral agreement was made between the parties.

The Court finds it important that Catron never pled allegations regarding an oral agreement between the parties or a second set of contracts when it was given the opportunity to amend its Answer and assert a counterclaim. At the time that Catron amended its pleadings, it was aware of

6

the principal issue to be addressed—whether a second agreement had been made to pay Catron an additional $95,367.50.  Yet Catron's pleadings do not support the existence of a second agreement, whether written or oral.  And the testimony presented during the hearing differs regarding the existence of an oral agreement.  Based on a review of all the evidence, the testimony, and the pleadings, the Court determines that Catron has not carried its burden to show that it is entitled to a setoff for a second payment of $95,367.50.  Because the evidence shows the existence of only one set of written contracts requiring the payment of $95,367.50 to Catron and that Catron was paid $95,367.50 from the Union by two checks dated March 29, 2011 and April 11, 2011, the Court determines that it is appropriate to amend its Entry Following Damages Hearing to remove the setoff that was applied against the Plaintiffs' damages award (Filing No. 74 at 11).[1]

Lastly, the Court addresses the Plaintiffs' assertion that the Court erred by discounting the amount of contributions owed to the Union based on a misunderstanding of Exhibit 5.  The heading of Exhibit 5 indicates "January 1, 2011 to December 31, 2012."  However, within the table contained in the exhibit, the sub-headings indicate "June 1, 2010 to May 31, 2011" and "June 1, 2011 to May 31, 2012."  The Court understood this exhibit to indicate that the Plaintiffs were claiming $6,158.53 in unpaid contributions and deductions for the period June 1, 2010 to May 31, 2011, and $2,766.85 in unpaid contributions and deductions for the period June 1, 2011 to May 31, 2012, plus interest and liquidated damages for a total of $10,710.45 for the period June 1, 2010

---

[1] The Court briefly addresses Catron's argument that "contracts for past consideration are not enforceable. . . . [I]t is not clear why the Union would enter into a series of unenforceable contracts for past consideration in 2011, with language that makes the contracts valid promises for future consideration." (Filing No. 84 at 2.) Catron relies on *Brown v. Addington*, 52 N.E.2d 640, 641–42 (Ind. Ct. App. 1944), which explains that "past consideration is insufficient" to support an enforceable contract. Even if the parties' contract was for past consideration and was therefore unenforceable, Catron would not be entitled to any payment under the unenforceable contract and the Plaintiffs could not be required to make a payment under the unenforceable contract. Furthermore, this argument does not address the issue of whether there was a second contract requiring a second payment. Therefore, this argument is unavailing.

to May 31, 2012. Because this litigation does not encompass work performed in 2010, the Court reduced the requested amount for the time period of June 1, 2010 to December 31, 2010.

In the Motion for Reconsideration, the Plaintiffs clarify that the "subheading simply reflected the correct contribution/deduction rates for the time period," and that the total number of unreported hours, which is reflected in Exhibit 5, relates to 2011 and 2012, not to a seven month period in 2010 (Filing No. 79 at 8–9). Thus, the Court should not have discounted the amount of unpaid contributions and deductions based on the sub-headings of Exhibit 5. The total number of unreported hours worked in 2011 and 2012 are also reflected in Exhibit 4.

The Plaintiffs also point out that there is a six hour discrepancy between Exhibit 4 and Exhibit 5 for the 2012 unreported hours. They explain that the number of unreported hours reflected in Exhibit 4 is accurate and note that the six hour difference results in an $8.14 reduction from the amount of unpaid contributions and deductions shown in Exhibit 5.

Catron failed to present any evidence that disputes this claimed amount of unpaid contributions and deductions owed to the Union. Catron also did not present any evidence showing that the amount is inaccurate.

The Court finds that the Plaintiffs' argument regarding Exhibit 5 is well-taken and supported by the evidence. Therefore, the Court determines that it is appropriate to amend its Entry Following Damages Hearing to award the full amount of the claimed unpaid contributions and deductions owed to the Union with an $8.14 reduction acknowledged by the Plaintiffs to be appropriate (Filing No. 74 at 10–11).

### III. CONCLUSION

For the foregoing reasons, the Court amends its Entry Following Damages Hearing (Filing No. 74) to remove Catron's setoff that was applied against the Plaintiffs' damages award and to

award the full amount of the claimed unpaid contributions and deductions owed to the Union with an $8.14 reduction. Therefore, **Catron's total liability to the Plaintiffs** for the period of January 1, 2011 through December 31, 2012 is **$122,042.98**.

Final judgment will issue under separate order.

**SO ORDERED.**

Date: 3/23/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Paul T. Berkowitz
PAUL T. BERKOWITZ & ASSOCIATES
paul@ptblaw.com

Suzanne C. Dyer
PAUL T. BERKOWITZ & ASSOCIATES
suzanne@ptblaw.com

Thomas Edward Moss
PAUL T. BERKOWITZ & ASSOCIATES
tom@ptblaw.com

Alan W. Roles
COLEMAN ROLES & ASSOCIATES
alanwroles@yahoo.com

William Aaron Kemper
COLEMAN ROLES & ASSOCIATES
kemper.aaron@gmail.com