UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID THARP, Board of Trustees Chairman, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, DOUG ROBINSON, WILLIAM NIX, JOE COAR, and DOUGLAS J. McCARRON, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 1:12-cv-01870-TWP-DML<br>) |
| CATRON INTERIOR SYSTEMS, INC., | )<br>) |
| Defendant. | ) |

## ORDER GRANTING PLAINTIFFS' VERIFIED MOTION FOR ATTORNEYS' FEES AND COSTS

This matter is before the Court on Plaintiffs' Verified Motion for Attorneys' Fees and Costs (Filing No. 107) filed pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 54-1. On March 2, 2016, the Court found that Defendant Catron Interior Systems, Inc.'s ("Catron") "failure to pay the contractually required contributions violated Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145." (Filing No. 74 at 9.) The Court awarded the Plaintiffs the unpaid dues, contributions, deductions, interests, liquidated damages, and auditor fees. The Court also noted that "[p]ursuant to 29 U.S.C. §1132(g)(2), the Plaintiffs also are entitled to their reasonable attorney's fees and costs of this action." *Id.* at 11. For the following reasons, the Plaintiffs' Motion for Attorneys' Fees and Costs is **GRANTED**.

### I. BACKGROUND

On March 2, 2016, the Court issued its Entry Following Damages Hearing (Filing No. 74) and Rule 58 Final Judgment (Filing No. 75). In its Entry, the Court explained that Catron had

violated the Employee Retirement Income Security Act ("ERISA"), and as a result, the Plaintiffs were entitled to damages. The Court offset the Plaintiffs' damages by an amount that appeared to be owed to Catron. The Court further explained that the Plaintiffs were entitled to attorney fees and costs under ERISA, 29 U.S.C. §1132(g)(2). The Plaintiffs were given fourteen days to file any requests for fees and costs.

The Plaintiffs filed a Motion for Extension of Time to file a motion for fees and costs, asserting that they would be filing a motion for reconsideration of the Court's decision to offset their damages award ([Filing No. 76](#)). They requested that any motion for fees and costs be permitted ten days after the Court ruled on their forthcoming motion for reconsideration. The Court granted the Plaintiffs' Motion for Extension of Time ([Filing No. 77](#)).

On March 28, 2016, the Plaintiffs filed a Motion for Reconsideration, asking the Court to amend its decision to offset the amount of damages awarded to them ([Filing No. 78](#)). The parties fully briefed the motion, and the Court held an evidentiary hearing on the motion. On March 23, 2017, the Court issued its Order granting the Plaintiffs' Motion for Reconsideration and determining that Catron was not entitled to an offset ([Filing No. 105](#)). On March 31, 2017, the Plaintiffs filed their Motion for Attorneys' Fees and Costs, asking that the Court award attorney fees in the amount of $54,062.50 and costs in the amount of $650.55 ([Filing No. 107 at 2](#)).

## II. LEGAL STANDARD

The American Rule regarding an award of attorney fees is that "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010). ERISA is one such statute that addresses an award of attorney fees: "[w]hen a trustee of an ERISA benefit plan prevails in an action to recover delinquent contributions, the district court is required to award 'reasonable attorney's fees.'"

*Anderson v. AB Painting & Sandblasting, Inc.*, 578 F.3d 542, 544 (7th Cir. 2009) (citing 29 U.S.C. § 1132(g)(2)(D)).

"'The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "This 'lodestar' figure can then be adjusted based on the twelve *Hensley* factors. However, 'many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'" *Id.* (citations omitted). "District courts have wide discretion to determine what constitutes reasonable attorneys' fees." *Moriarty v. Svec*, 429 F.3d 710, 717 (7th Cir. 2005).

### III. DISCUSSION

The Plaintiffs filed their Motion for Attorneys' Fees and Costs in accordance with the Court's Order and pursuant to 29 U.S.C. § 1132(g)(2). This subsection of ERISA, using the language "shall award," requires the Court to award reasonable attorney fees and costs. In support of their Motion, the Plaintiffs have submitted an affidavit from their counsel as well as an itemized, detailed billing statement of the hours expended and rates charged in this matter.

Catron responds to the Plaintiffs' Motion by arguing that attorney fees should not be awarded because Catron never acted in bad faith, it is not able to satisfy an award of fees, an award of fees will not deter others from similar conduct, the merits of Catron's position were reasonable, and Catron's position was substantially justified. Catron relies on these factors to argue against an award of fees and costs and points to the cases of *Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. College of Wis., Inc.*, 657 F.3d 496 (7th Cir. 2011); *Quinn v. Blue Cross & Blue Shield Ass'n*, 161 F.3d 472 (7th Cir. 1998); *Bittner v. Sadoff & Rudoy Indus.*, 728 F.2d 820, 830 (7th Cir. 1984). These Seventh Circuit cases establish two different tests that a court may consider

3

when determining the propriety of awarding attorney fees under 29 U.S.C. § 1132(g)(1). Catron does not challenge the reasonableness of the hours spent or the rates charged by the Plaintiffs' attorneys.

Catron's reliance on *Kolbe & Kolbe*, *Quinn*, and *Bittner* is misplaced because each of those cases addressed attorney fees under 29 U.S.C. § 1132(g)(1), not under § 1132(g)(2). This distinction is important because, under (g)(1), an attorney fee award is discretionary, whereas an attorney fee award under (g)(2) "shall" be awarded. The two tests established in *Kolbe & Kolbe*, *Quinn*, and *Bittner* are not applicable in this matter. Rather, the Court "shall award" the Plaintiffs their reasonable attorney fees and costs pursuant to 29 U.S.C. § 1132(g)(2). Thus, the Court must determine the reasonableness of the attorney fees request, which again, Catron has not challenged its reasonableness.

The Court begins its reasonableness analysis by multiplying "the number of hours reasonably expended on the litigation" by the "reasonable hourly rate". *Hensley*, 461 U.S. at 433. This information is provided in the Plaintiffs' attachments to their Motion for Attorneys' Fees and Costs ([Filing No. 107-1](); [Filing No. 107-2]()). In Plaintiffs' counsel's affidavit, the Plaintiffs provide the hourly rate for legal services ($200.00) and for clerical services ($75.00) of each attorney who performed work in this case. In the itemized, detailed billing statement, the Plaintiffs provide a line-by-line description of the tasks performed in the case as well as the time spent on the tasks. The billing statement also provides the date of the task, the attorney who performed the task, the hourly rate, and the total cost of the task.

Regarding the reasonableness of the hourly rates charged, Plaintiffs' counsel describes in his affidavit his extensive law practice in the area of ERISA litigation and his familiarity with attorneys' billing rates in this type of litigation and in the Indianapolis, Indiana area. He affirms

that his rates of $200.00 for legal services and $75.00 for clerical services are reasonable. The Court also is familiar with the rates charged in the Indianapolis area and in this type of litigation, and the Court concludes that Plaintiffs' counsel's hourly rates are reasonable.

Regarding the reasonableness of the hours expended on this litigation, the Court has reviewed the detailed billing statement's line-by-line descriptions of the tasks performed as well as the time spent on the tasks. The Court also reviewed its docket to take into account the motions, hearings, and discovery that occurred in this matter. The Court allowed amended pleadings and held two extensive hearings on substantive motions. The parties submitted proposed findings of fact and conclusions of law after each hearing. In light of the extensive motions practice, multiple evidentiary hearings, discovery, and other activity throughout this litigation, the Court determines that the amount of time expended in this case was reasonable.

The Plaintiffs have requested $54,062.50 in attorney fees based on their reasonable hourly rates and the reasonable amount of time expended in this matter as well as $650.55 in costs. Catron has not challenged the reasonableness of the total amount of attorney fees or the reasonableness of total amount of costs. The Court concludes that the fees and costs are reasonable and supported by evidence.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Plaintiffs' Verified Motion for Attorneys' Fees and Costs ([Filing No. 107](#)) is **GRANTED**. The Plaintiffs are awarded their attorney fees in the amount of $54,062.50 and their costs in the amount of $650.55, for a total award of $54,713.05 against Defendant Catron Interior Systems, Inc.

**SO ORDERED.**

Date: 2/12/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Paul T. Berkowitz
PAUL T. BERKOWITZ & ASSOCIATES
paul@ptblaw.com

Suzanne C. Dyer
PAUL T. BERKOWITZ & ASSOCIATES
suzanne@ptblaw.com

Thomas Edward Moss
PAUL T. BERKOWITZ & ASSOCIATES
tom@ptblaw.com

Alan W. Roles
COLEMAN ROLES & ASSOCIATES
alanwroles@yahoo.com

William Aaron Kemper
COLEMAN ROLES & ASSOCIATES
kemper.aaron@gmail.com